**Delmis GUSMAN–FUENTES, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 07–73273, 08–73013.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jorge T. Cabrera, Esquire, Los Angeles, CA, for Petitioner.

Arthur L. Rabin, Esquire, Aimee J. Frederickson, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Delmis Gusman–Fuentes, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying her first and second motions to reopen deportation proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir.2005), and we deny in part and dismiss in part the petitions for review.

■ The BIA did not abuse its discretion in denying Gusman–Fuentes' first motion to reopen as untimely because she filed it more than twelve years after the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

BIA's final decision. *See* 8 C.F.R. § 1003.2(c)(2).

■ The BIA did not abuse its discretion in concluding that Gusman–Fuentes' second motion to reopen was numerically barred. *See id.* (generally permitting one motion to reopen).

■ We lack jurisdiction to consider Gusman–Fuentes' contention regarding estoppel because she did not raise the issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional). We also lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**